OPINION
{¶ 1} Defendant-appellant, Robert J. Graham, appeals the June 2, 2004 sentence of the Court of Common Pleas, Union County, Ohio. On April 19, 2004 Graham pled guilty to one count of assault in violation of R.C.2903.13(B). The trial court sentenced Graham to a mandatory eighteen month prison term.
 {¶ 2} On July 19, 2003 officers from the Marysville Police Department placed Graham under arrest for operating a vehicle while under the influence of alcohol. Graham resisted arrest by pulling his arms away and striking out at the police officers. He kicked Patrolman Craig Nicol in the left leg, and was then taken to the ground by Patrolman David Nist. Graham landed on Patrolman Nicol's right leg and knee, and Nicol verbally indicated that he was in pain. Graham acknowledged that he looked Nicol directly in the eye, and then rolled over his leg and deliberately put pressure on the knee.
 {¶ 3} Patrolman Nicol was seriously injured as a result of the incident, and required major knee surgery and extensive rehabilitation. He missed almost four months of work, and incurred medical bills in excess of $43,000.00.
 {¶ 4} A bill of information was filed charging Graham with assault in violation of R.C. 2903.13(B). Furthermore, this form of assault is a fourth degree felony requiring a minimum mandatory twelve-month prison sentence pursuant to R.C. 2903.13(C)(4), because the victim was a peace officer who suffered serious physical harm while in the performance of his official duties. Plea negotiations commenced, and Graham agreed to plead guilty to the charges filed in the bill of information in exchange for the prosecutor's recommendation of a twelve-month prison sentence.
 {¶ 5} At the change of plea hearing, and again at the sentencing hearing, the prosecutor did recommend the twelve-month prison term. The trial court, however, ignored this recommendation and sentenced Graham to the maximum penalty of eighteen months pursuant to R.C. 2929.14(A)(4). Graham now appeals that sentence, asserting one assignment of error:
The trial court erred when it sentenced the defendant to a maximumsentence for assault.
 {¶ 6} An appellate court reviews a trial court's imposition of a maximum sentence for a felony conviction based on a "clear and convincing" degree of proof. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
 {¶ 7} Graham presents two arguments that the trial court erred in giving him a maximum sentence: (1) the trial court did not inform him before the plea that he was not going to accept the recommendation of the prosecutor, and (2) the trial court did not specifically state its reasons for imposing the maximum sentence.
 {¶ 8} Before accepting a guilty plea, Ohio Crim.R. 11(C)(2) requires the trial court to conduct a colloquy with the defendant to determine that he understands the plea he is entering and the constitutional rights he is voluntarily waiving by doing so. Crim.R. 11(C)(2); see also Statev. Tucci, Mahoning App. No. 01 CA 234, 2002-Ohio-6903. The recognized constitutional rights at issue include the rights to trial by jury, confrontation of witnesses, the privilege against self-incrimination, and compulsory process. Boykin v. Alabama (1969), 39 U.S. 238; State v.Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Although using the exact language of Crim.R. 11 is not required, the court must advise the defendant that a plea of guilty waives each of these rights. Ballard,66 Ohio St.2d at 479 — 81.
 {¶ 9} However, when non-constitutional rights are involved, the Ohio Supreme Court has applied a liberal "substantial compliance" test to determine if the court complied with Crim.R. 11 by properly informing defendant of the rights being waived. State v. Nero (1990),56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. at 108.
 {¶ 10} The question before this Court is whether the trial court substantially complied with Crim.R. 11(C)(2) by informing him of the potential penalty ranges available. The rule provides:
(2) In felony cases the court . . . shall not accept a plea of guiltyor no contest without first addressing the defendant personally and doingall of the following:
 (a) Determining that the defendant is making the plea voluntarily, withthe understanding of the nature of the charges and the maximum penaltyinvolved. . . .
Crim.R. 11(C)(2). While the rule does not specifically require the trial court to inform the defendant that it may impose a sentence beyond the prosecutor's recommendation, this is the preferred practice.
 {¶ 11} First, Graham argues that the trial judge has a "duty to inform" the defendant that he will not follow the prosecutor's recommendation before accepting a guilty plea. However, Graham cites no legal authority for this proposition. Moreover, "[i]t is well-established that a trial court is not bound to accept a sentence recommendation proffered by the prosecution." State v. Kitzler, Wyandot App. No. 16-02-06, 2002-Ohio-5253, at ¶ 9 (citing Akron v. Ragsdale (1978),61 Ohio App.2d 107, 109). Additionally, when a defendant pleads guilty pursuant to an agreement that the prosecutor will recommend a specific term, "that the sentence imposed is not what the defendant hoped or believed it would be affords no basis for the defendant to repudiate his own acts and agreements." Kitzler, supra at ¶ 9 (citing State v.Cox (Oct. 23, 1990), Ross App. No. 1626, unreported). Thus, the trial court is under no obligation to inform the defendant that it will not follow the sentencing recommendation.
 {¶ 12} Accordingly, the trial court substantially complied with the requirements of Crim.R. 11(C)(2)(a) by informing Graham of the maximum prison term available. The record indicates that at the sentencing hearing the trial court informed Graham that he faced a potential prison sentence of up to eighteen months and a maximum $5,000 fine. The court also informed Graham of the mandatory twelve month prison sentence required by R.C. 2903.13(C)(4). Finally, the record indicates that the court informed Graham that any prison sentence imposed, whether the twelve month sentence recommended by the prosecutor or an additional term, would be a mandatory sentence under that statute. Based on the foregoing, we hold that the trial court substantially complied with the requirements of Crim.R. 11.
 {¶ 13} Second, Graham argues that his sentence was invalid because the trial court did not inform him at the sentencing hearing of its reasons for imposing the maximum sentence. Ohio law provides that "a trial court is obligated to make certain findings prior to sentencing a defendant to a maximum sentence." State v. Martin (1999)136 Ohio App.3d 355, 358. "[T]he trial court's findings under R.C. 2929.03, 2929.04, 2929.11,2929.12, 2929.13, and 2929.14 . . . determine a particular sentence. Accordingly, a sentence unsupported by those findings is both incomplete and invalid." Id. at 362.
 {¶ 14} R.C. 2929.14(C) provides:
Except as provided in division (G) of this section or in Chapter 2925.of the Revised Code, the court imposing a sentence upon an offender for afelony may impose the longest prison term authorized for the offensepursuant to division (A) of this section only upon offenders who committedthe worst forms of the offense, [and] upon offenders who pose thegreatest likelihood of committing future crimes. . . .
When making a determination under R.C. 2929.14(C) the trial court is required to consider the factors listed in R.C. 2929.12. Martin,136 Ohio App.3d at 359. Moreover, a court imposing the maximum prison term under R.C. 2929.14(A) for one offense "shall make a finding that gives its reasons for selecting the sentence imposed." R.C.2929.19(B)(2)(d). We require a sentencing court to "clearly recite the findings required by the statutes and, when necessary, state the particular reasons for making those findings." State v. Johnson (June 30, 1999), Auglaize App. No. 2-98-39, unreported, 1999 WL 455301, at *6. Accordingly, "the record must reflect that the trial court found that the offender fits within one of the categories listed in R.C. 2929.14(C) and made the necessary `finding that gives its reasons' for imposing the maximum sentence." State v. Williams (2000), 136 Ohio App.3d 570, 572
(citation omitted).
 {¶ 15} In regards to R.C. 2929.12, the trial court specifically noted that the victim suffered serious physical and economic harm. R.C.2929.12(B)(2). The court also found that Graham had an extensive prior history, that he had failed to respond to probation, and that he had committed the offense while under community control sanctions. R.C.2929.12(B)(1) (D)(1). Finally, the court found that Graham had demonstrated no remorse and that he had failed to acknowledge a pattern of alcohol abuse. R.C. 2929.12(D)(4) — (5). Thus, the record reflects that the court properly considered the factors laid out in R.C. 2929.12.
 {¶ 16} The court was then required to make a finding under R.C.2929.14(C), and give its reasons for making that finding. The record reflects that the court found that Graham had committed the worst form of the offense. The court told Graham, "you knew that you were hurting the patrolman, and you looked him in the eye, and did [it] again." Additionally, the court found that Graham posed the greatest likelihood of committing future crimes, specifically noting Graham's lengthy criminal history. Thus, the trial court made the required findings under R.C. 2929.14(C) and gave its reasons for making those findings as required by R.C. 2929.19(B)(2)(d).
 {¶ 17} Based on the foregoing, the trial court made the necessary findings required under R.C. 2929.14(C), and properly informed Graham of its reasons for imposing the maximum sentence. Additionally, the court complied with Crim.R. 11 in imposing the sentence. Accordingly, Graham's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed.
 Cupp, P.J. and Bryant, J., concur.