OPINION
{¶ 1} Defendant-appellant, Cody J. McGinnis (hereinafter "McGinnis"), appeals the Van Wert County Court of Common Pleas judgment of conviction and imposition of sentence following his plea of guilty to two counts of unlawful sexual conduct with a minor. For the reasons that follow, we affirm.
 {¶ 2} On February 6, 2008, the Grand Jury indicted McGinnis on two counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(1), both felonies of the fourth degree. On February 28, 2008, pursuant to a plea agreement, McGinnis entered pleas of guilty to both counts, which were accepted by the trial court. On April 23, 2008, McGinnis appeared for sentencing and upon considering the presentence investigation, the victim's impact statement, and the record, the trial court sentenced McGinnis to 18 months for count one and 18 months for count two. These sentences were to run consecutively.
 {¶ 3} McGinnis now appeals and raises three assignments of error. We will address McGinnis' second and third assignments of error first.
 Assignment of Error No. II Appellant's guilty pleas were not knowing, voluntary, and intelligent.
 {¶ 4} In his second assignment of error, McGinnis claims that because the State failed to fulfill its portion of the plea agreement his pleas of guilty were not *Page 3 
knowingly, voluntarily, and intelligently made. Furthermore, McGinnis argues that the trial court erred by imposing a sentence greater than what was agreed to by both parties in the plea agreement.
 {¶ 5} Any time a prosecutor induces a defendant into pleading guilty because of certain promises the prosecutor gives the defendant, the prosecutor must keep those promises. Santobello v. New York (1971),404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427. If the prosecutor fails to keep his promises under the plea agreement, then the trial court should "either require specific performance by the State or allow the defendant to withdraw the plea." State v. Montgomery, 4th Dist. No. 07CA858,2008-Ohio-4753, ¶ 14, citing State v. Simpson (2004),158 Ohio App.3d 441, 443, 816 N.E.2d 609; State v. Sideris, 4th Dist. No. 04CA37,2005-Ohio-1055. Additionally, under Crim. R. 11(F), "[w]hen, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lessor offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."
 {¶ 6} In this case, McGinnis entered into a written plea agreement with the State, which in pertinent part, stated the following: (1) that McGinnis would plead guilty to two counts of unlawful sexual conduct with a minor, which, combined, carried a possible maximum prison term of 36 months and maximum fine of $10,000.00; (2) that because of the sexual nature of the charged offenses, he would *Page 4 
be classified as a Tier II sex offender, which required registration for 25 years, with in-person verification every 180 days; and (3) that as the basis for his plea, the State would not bring further charges concerning the victim in count one and would recommend concurrent sentencing. (Petition To Enter A Plea of Guilty, Doc. No. 13 at 2-4). At the change of plea hearing, the trial court went through the petition to enter a guilty plea with McGinnis. (Feb. 28, 2008 Tr. at 2-8). When discussing the terms of the agreement, the trial court made the following comments to McGinnis:
 The Court: Do you understand that in the even [sic] that I accept your plea then the only thing that remains to be done is to pass sentence; that includes a sentence of years to a State Penal Institution. In this case that would be a maximum sentence of eighteen (18) months for Count One with a maximum fine of five thousand dollars ($5,000.00) and a maximum sentence of eighteen (18) months for Count Two with a maximum fine of five thousand dollars ($5,000.00). Do you understand that?
 McGinnis: Yes.
 * * *
 The Court: Your prison terms and fines could run concurrent with each other or consecutive to one another, which means you face a maximum term of incarceration of thirty-six (36) months and a maximum fine of ten thousand dollars ($10,000.00). Do you understand that?
 McGinnis: Yes.
(Feb. 28, 2008 Tr. at 4-6). Later on during the change of plea hearing, the trial court asked if there were any arrangements that may have influenced the plea, the *Page 5 
State responded by stating, "Yes, Your Honor, The State agreed not to seek additional charges with regard to the victim in Count One and also agreed to recommend that the sentences be served concurrently." (Id. at 8). The trial court then ordered that a pre-sentence investigation report ("PSI") be completed and set the matter for sentencing. (Id.).
 {¶ 7} At the sentencing hearing, the trial court asked the parties if they had any evidence to offer or any statement to make at that time. (Apr. 23, 2008 Tr. at 2). Defense counsel declined to comment, McGinnis asked the court to go "lenient" on him, and the State stated that it did not have anything to add upon reviewing the PSI and the victim's impact statement. (Id.). Then the trial court stated that after considering the PSI report, the victim's impact statement, and the record, it was sentencing McGinnis to 18 months for each count of unlawful sexual conduct with a minor and ordered that the sentences be served consecutively, for an aggregate term of 36 months. (Id. at 3).
 {¶ 8} However, at no time during the trial court's sentencing hearing did McGinnis or his counsel object to the State's failure in recommending concurrent, rather than consecutive sentences. Accordingly, because McGinnis failed to object at the sentencing hearing, he has forfeited any error related to the State's breach of its obligation under such plea agreement. Montgomery, 2008-Ohio-4753, at ¶ 15, citingSideris, 2005-Ohio-1055, at ¶ 38. See also, United States v. *Page 6 Barnes (C.A.6, 2002), 278 F.3d 644, 646 ("[B]ecause Defendant failed to object after the government did not offer a recommendation at sentencing, Defendant waived his right to appeal any breach of the plea agreement, and a plain error analysis thus guides this Court's review."); State v. Dudas, 11th Dist. Nos. 2006-L-267, 2006-L-268, 2007-Ohio-6739, ¶ 93 (holding that the failure to object to the State's breach of a plea agreement forfeits all but plain error).
 {¶ 9} Therefore, we must consider whether the State's failure to recommend concurrent sentences at the sentencing hearing amounted to plain error. We recognize plain error "`with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" State v. Landrum (1990), 53 Ohio St.3d 107, 110,559 N.E.2d 710, quoting State v. Long (1978) 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus. For plain error to apply, the trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right. State v. Barnes (2002), 94 Ohio St.3d 21, 27,759 N.E.2d 1240. Under the plain error standard, the appellant must demonstrate that the outcome of his trial would clearly have been different but for the trial court's errors. State v. Waddell (1996),75 Ohio St.3d 163, 166, 661 N.E.2d 1043, citing State v. Moreland (1990),50 Ohio St.3d 58, 552 N.E.2d 894. *Page 7 
 {¶ 10} Here, while the State did not make its recommendation for concurrent sentencing at the sentencing hearing, it did so at the change of plea hearing when it read the terms of the agreement into the record. The State specifically told the trial court that, as part of the agreement between the two parties, the State would not seek additional charges for the victim in count one and that it would recommend concurrent sentences. (Feb. 28, 2008 Tr. at 8). Therefore, the trial court was aware of the plea agreement and the State's position on sentencing. In addition, during the change of plea hearing, the trial court made McGinnis aware that it could impose the maximum 18 month prison term as to each count and run the sentences consecutively for a total of 36 months. Moreover, at the sentencing hearing, the trial court stated that it had considered the record in making its decision, which would have included the plea agreement and the State's recommendation for concurrent sentences.
 {¶ 11} While we believe that it would have been better for the State to repeat its recommendation at the sentencing hearing and for the trial court to state why it was not following the plea agreement recommendations, other courts have found, under similar factual situations, that there was no error in the proceeding.Montgomery, 2008-Ohio-4753, at ¶¶ 13-19; State v. Walker (May 7, 1999), 6th Dist. No. L-98-1210, at **3-4; State v. Mushatt (July 1, 1976), 9th Dist. No. 8061, at *3. *Page 8 
 {¶ 12} Therefore, we find that no manifest injustice occurred by the State's failure to repeat its recommendation of concurrent sentences at the sentencing hearing because the recommendation had been read into the record and the trial court specifically stated at sentencing that it considered the record, which would have included the recommendation.
 {¶ 13} McGinnis also argues that the trial court erred by imposing a sentence greater than what was agreed to by both parties in the plea agreement. However, it is well-settled that the trial court has no duty to accept the State's sentencing recommendations. State v. Graham, 3d Dist. No. 14-04-28, 2005-Ohio-1431, ¶ 11, citing State v. Kitzler, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 9 (citation omitted); State v.Henderson (Feb. 12, 1999), 2nd Dist. No. 98-CA-19, at *2;Walker, 6th Dist. No. L-98-1210, at *4. In addition, this Court has previously stated that the trial court is under no duty to inform the defendant that it may not follow the State's sentencing recommendations.Graham, 2005-Ohio-1431, at ¶ 11. Thus, the trial court did not have to tell McGinnis that it did not have to follow the State's sentencing recommendations, and it was under no duty to follow the State's recommendation of concurrent sentences.
 {¶ 14} Consequently, we find that McGinnis' second assignment of error is without merit.
 {¶ 15} McGinnis' second assignment of error is, therefore, overruled. *Page 9 
 Assignment of Error No. III Appellant was denied the right to effective assistance of counsel and he was prejudiced as a result.
 {¶ 16} McGinnis argues that because his trial counsel failed to object to the State's failure to make its sentencing recommendations at the sentencing hearing, his guilty pleas were not knowingly, voluntarily, and intelligently entered.
 {¶ 17} McGinnis claims that his trial counsel failed to either object or bring the State's sentencing recommendations to the attention of the trial court at the sentencing hearing. He further claims because his guilty pleas were based on the State's promise to recommend concurrent sentences, his guilty pleas were not knowing, voluntary, or intelligent. As a result, McGinnis argues that had his attorney made the sentencing recommendations known to the trial court at the sentencing hearing, the court would have taken it into consideration that his pleas were influenced by the State's promises and would have sentenced him accordingly.
 {¶ 18} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. State v. Kole (2001), 92 Ohio St.3d 303, 306,750 N.E.2d 148, citing Strickland v. Washington (1984), 466 U.S. 668,687, 104 S.Ct. 2052, 80 L.Ed.2d 674. We find that McGinnis' arguments lack merit. *Page 10 
 {¶ 19} McGinnis has failed to prove that his attorney's conduct was deficient, and he has not proven that but for his attorney's conduct, his sentence would have been different. As we previously stated, even though the State did not repeat its sentencing recommendations at the sentencing hearing, the State had read the plea agreement into the record, which the trial court specifically stated that it had considered in making its sentencing decision. (Feb. 28, 2008 Tr. at 8); (Apr. 23, 2008 Tr. at 3). Thus, McGinnis' argument that the trial court was unaware of the State's position in recommending concurrent sentences lacks merit factually. Furthermore, a trial court does not have a duty to follow the State's sentencing recommendations. Graham,2005-Ohio-1431, ¶ 11, citing Kitzler, 2002-Ohio-5253, ¶ 9 (citation omitted); Henderson (1999), 2nd Dist. No. 98-CA-19, at *2;Walker, 6th Dist. No. L-98-1210, at *4. So, even if his attorney's conduct was deficient, McGinnis has failed to show that the trial court would have sentenced him to less than a maximum or concurrent, rather than consecutive sentences. Just because the sentence is not what the defendant had hoped or believed it would be provides no basis for releasing the defendant from his obligations under the agreement.Kitzler, 2002-Ohio-5253, at ¶ 9, citation omitted.
 {¶ 20} McGinnis' third assignment of error is, therefore, overruled.
 Assignment of Error No. I *Page 11 Appellant's indictment failed to include an essential element; therefore, it is fatally defective, voidable for lack of subject matter jurisdiction, and fails to charge an offense.
 {¶ 21} In his first assignment of error, McGinnis argues that the State failed to allege the required mens rea element for the unlawful sexual conduct element of his charge. Because of this error, McGinnis claims his conviction and sentence must be reversed.
 {¶ 22} R.C. 2907.04 governs the crime of unlawful sexual conduct with a minor and states the following:
 (A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.
 (B) Whoever violates this section is guilty of unlawful sexual conduct with a minor.
 (1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, unlawful sexual conduct with a minor is a felony of the fourth degree.
 (2) Except as otherwise provided in division (B)(4) of this section, if the offender is less than four years older than the other person, unlawful sexual conduct with a minor is a misdemeanor of the first degree.
 (3) Except as otherwise provided in division (B)(4) of this section, if the offender is ten or more years older than the other person, unlawful sexual conduct with a minor is a felony of the third degree.
 (4) If the offender previously has been convicted of or pleaded guilty to a violation of section 2907.02, 2907.03, or 2907.04 of the Revised Code or a violation of former section 2907.12 of the Revised Code, unlawful sexual conduct with a minor is a felony of the second degree. *Page 12 
 {¶ 23} McGinnis also points to R.C. 2901.21(B), which states the requirements for criminal liability as follows:
 When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.
 {¶ 24} According to McGinnis, there is no specific degree of culpability for the act of engaging in sexual conduct with another, and the statute plainly does not indicate strict liability. Because of this, McGinnis claims R.C. 2901.21 dictates that the State had to prove he "recklessly" engaged in sexual conduct with another, who was not his spouse, when he either knew or was reckless that the victim was thirteen years of age or older but less than sixteen years of age. However, the indictment in his case failed to state the "reckless" element of engaging in sexual conduct with another. Thus, he claims under the caseState v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, this error rendered his indictment fatally defective, voidable for lack of subject matter jurisdiction, and failed to charge an offense.
 {¶ 25} The Ohio Supreme Court in Colon considered, "[w]here an indictment fails to charge the mens rea element of the crime, and the defendant *Page 13 
fails to raise that issue in the trial court, has the defendant waived the defect in the indictment?" 2008-Ohio-1624, at ¶ 1. In that case, the defendant had been charged with the offense of robbery in violation of R.C. 2911.02(A)(2), which states, in part:
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 * * *
 (2) Inflict, attempt to inflict, or threaten to inflict physical harm on another.
Id. at ¶¶ 6-7. Accordingly, under R.C. 2901.21(B), the Court stated that the proper degree of culpability was "recklessness," since there was no indication that the statute was meant to be a strict liability offense. Id. at ¶ 14. Because the indictment failed to state a degree of culpability for the element "inflict, attempt to inflict, or threaten to inflict physical harm on another," the Court found the indictment defective. Id. at ¶ 15.
 {¶ 26} In the case at bar, we find McGinnis' arguments lack merit. First of all, we find that McGinnis has waived any alleged errors in the indictment by pleading guilty to the offenses. The Court inColon held that "when an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment."2008-Ohio-1624, at ¶ 45. However, the defendant in Colon did not plead guilty like McGinnis, herein. "The plea of guilty is a complete admission of the *Page 14 
defendant's guilt." Crim. R. 11(B)(1). Accordingly, "[b]y entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." Kitzler, 2002-Ohio-5253, at ¶ 12, citing State v. Barnett
(1991), 73 Ohio App.3d 244, 248, 596 N.E.2d 1101, quoting United Statev. Broce (1989), 488 U.S. 563, 570, 109 S.Ct. 757, 102 L.Ed.2d 927. See also, McCarthy v. U.S. (1969), 394 U.S. 459, 466, 89 S.Ct. 1166,22 L.Ed.2d 418. Therefore "[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea and `may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'" State v. Woods, 3d Dist. No. 1-05-82, 2006-Ohio-2368, ¶ 14, quoting State v. Spates (1992),64 Ohio St.3d 269, 272, 595 N.E.2d 351, citing Tollett v. Henderson
(1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235. See also,State v. Barton, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.2d 307, ¶ 73;State v. Fitzpatrick, 102 Ohio St.3d 321, 2004-Ohio-3167,810 N.E.2d 927, ¶ 78; Ross v. Auglaize Cty. Common Pleas Court (1972),30 Ohio St.2d 323, 285 N.E.2d 25. This Court is not persuaded that the Court in Colon overruled the longstanding waiver rules with regard to guilty pleas. Accordingly, this Court finds that McGinnis admitted guilt of the substantive crime of unlawful sexual conduct with a minor and has, therefore, waived any alleged indictment defects for purposes of *Page 15 
appeal. In addition, we have already found that McGinnis entered into his guilty plea knowingly, voluntarily, and intelligently.Kitzler, 2002-Ohio-5253, at ¶ 13.
 {¶ 27} Regardless of the effect of McGinnis' guilty plea, we still find Colon distinguishable from McGinnis' case. Unlike the Revised Code provision at issue in Colon, here there was no need to include the term "recklessness" in the indictment because the act of engaging in unlawful sexual conduct with a minor is a strict liability offense. We acknowledge that the statute prescribes that offender either knows that the victim was under 16 and over 13, or was reckless to that regard; however, this is a separate and distinct clause. This means that the State must prove that the offender knew or was reckless in knowing the victim's age, but not that the offender was reckless in engaging in sexual conduct.
 {¶ 28} The Ohio Supreme Court considered a similar sex-related statute in State v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242. In that case, the defendant argued that because the statute provided that he had to know the character of the material or performance involved, he also had to knowingly engage in the act, which was "bring[ing] or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers." Id. at ¶ 23. The Court rejected his argument finding that his intent in bringing the obscene materials into the state was irrelevant because it was a strict *Page 16 
liability offense. Id. at ¶¶ 29-30. In further support of its holding that the statute imposed strict liability as to the offender's conduct, the Court stated:
 The General Assembly has assumed a strong stance against sex-related acts involving minors, as evidenced by the numerous statutes in the Ohio Revised Code providing for criminal liability for those acts. Therefore, it is reasonable to presume that the inclusion of a knowledge requirement regarding the character of the material and the absence of a mental element elsewhere in R.C. 2907.321 reflect legislative intent to impose strict liability for the act of bringing child pornography into the state of Ohio.
Id. at ¶ 30.
 {¶ 29} Just like in Maxwell, it is reasonable to presume that because the legislature included the knowledge and reckless requirements regarding the victim's age in R.C. 2907.04, but did not include any degree of culpability as to the sexual conduct, the legislative intent was to impose strict liability for the act of engaging in sexual conduct with a minor.
 {¶ 30} Therefore, we find that because McGinnis pled guilty to the charges of unlawful sexual conduct with a minor, he waived any defect in the indictment. Furthermore, because R.C. 2907.04 imposes strict liability for the act of engaging in the sexual conduct with the minor, we find that McGinnis' indictment was not defective, and Colon is inapplicable.
 {¶ 31} McGinnis' first assignment of error is, therefore, overruled. *Page 17 
 {¶ 32} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 WILLAMOWSKI, J., concurs.
 ROGERS, J., concurring separately.