{¶ 33} While I concur with the result reached by the majority, I write separately because I disagree with the prior holding of this Court inState v. Graham, 3d Dist. No. 14-04-28, 2005-Ohio-1431. InGraham, this Court held that "* * * the trial court is under no obligation to inform the defendant that it will not follow the sentencing recommendation." Id. at paragraph 11. The opinion inGraham cites no authority for that holding. The cases cited inGraham and their predecessors do hold that a trial court is not bound by a prosecutor's recommendation, and each affirms a sentence that differed from the prosecutor's recommendation. However, in each, the appellate court makes it clear that the various defendants were advised by the trial court that the prosecutor's recommendation was not binding.
 {¶ 34} I would find it reasonable and necessary to require the trial court to make it clear to a defendant, at the time of the plea, that the trial court is not bound to follow the prosecutor's recommendation, and that the trial court would make its own determination as to an appropriate sentence, including whether the sentences *Page 18 
for multiple charges should be concurrent or consecutive. Without this type of clarification by the trial court, it is impossible to determine whether a defendant's plea is being knowingly, intelligently, and voluntarily entered with a full and complete understanding of the possible consequences.
 {¶ 35} In this case, the trial court twice advised the Appellant that his sentences could be either concurrent or consecutive, and at least once advised him that the maximum prison term could be a total of thirty six months. While more explicit language could have been used by the trial court, I conclude that the Appellant was sufficiently advised of the potential sentences in this case. *Page 1