[Cite as *State v. Hartley*, 2014-Ohio-4536.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  5-14-04

      v.

GREGERY L. HARTLEY,               O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2013 CR 201

Judgment Affirmed

Date of Decision:    October 14, 2014

APPEARANCES:

    *Scott B. Johnson* **for Appellant**

    *Mark C. Miller and Alex K. Treece* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Gregery Hartley ("Hartley") brings this appeal from the judgment of the Hancock County Common Pleas Court, sentencing him to sixteen months in prison. For the reasons that follow, we affirm the trial court's judgment.

{¶2} On October 1, 2013, the Hancock County Grand Jury indicted Hartley on one count of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree in violation of R.C. 2911.12(B). (R. at 1.) On October 9, 2013, Hartley pled not guilty at an arraignment hearing, during which he was represented by counsel. (R. at 7.) Following his plea, Hartley was released on his own recognizance bond. (R. at 10.) The case was continued several times and it was eventually scheduled for a pretrial or a potential change of plea on January 22, 2014. (R. at 13, 15.) Prior to that date, a bench warrant for Hartley was issued due to Hartley's failure to comply with conditions of his bond. (R. at 16.) Hartley moved for a bond modification and his motion was scheduled to be addressed at the January 22, 2014 pretrial/potential change of plea hearing. (R. at 23, 25.)

**{¶3}** At the January 22, 2014 hearing, it appeared that another case had been filed against Hartley and the hearing addressed both cases jointly.[1] The prosecutor made a statement about the plea negotiations in both cases as follows.

> MR. TREECE: What the negotiations call for are Mr. Hartley entering pleas of guilty to each count in each case. A violation of 2911.12(B), trespassing in a habitation in case 201. Violation of 2925.11(A). Possession of heroin, felony of the fifth degree in case 221.
>
> We then jointly ask that the Court order Mr. Hartley to submit to a pre-sentence investigation and set this matter for sentencing at a later date.
>
> At sentencing, pursuant to negotiations, the State of Ohio would have no objection with the Court reserving the imposition *of a prison term* and placing Mr. Hartley on a term of probation or community control. Now *initially the negotiations call for the State seeking some local term of incarceration* as a condition of community control. *We still would reserve the right to ask for that.* However I would indicate we would take into consideration the fact he has been incarcerated for a significant amount of time already on a bond violation. That is the sum total of the negotiations as to the plea.
>
> Above and beyond that, at conclusion of successful plea hearing, should that happen, the State of Ohio would have no objection the court [sic] at that time reinstating Mr. Hartley's bond to a personal recognizance bond * * *, allowing him to be released from the justice center.
>
> As to the mandatory license suspension contained within case 221, we had no discussions on that, and the State would merely ask that the Court impose a suspension which is required under Ohio law. *That is the sum total of the negotiations as I understand them.*

---

[1] Although that other case has no relevance to the current appeal, we chose not to edit out references to it from the record, so that the entire relevant statement can be quoted.

(Emphasis added.) (Jan. 22, 2014 Hr'g Tr. at 4-5.)   Immediately after the prosecutor's statement, the defense attorney stated, "That's my understanding as well."  (*Id.* at 5.)

{¶4} The trial court then inquired to Hartley, asking, among others, "Mr. Hartley, has anybody promised you anything if you change your plea?"  Hartley responded, "No, sir."  (*Id.* at 9.)  The court then inquired,

> THE COURT:                We did talk about it and we did have placed [sic] into the record what I call the plea negotiations.  I had Mr. Treece read those into the record.  Were you here and did you hear them?
>
> THE DEFENDANT:        Yes, I heard them, yes.
>
> THE COURT:                You understand what the offer is?
>
> THE DEFENDANT:        Yeah.  I was just wondering about him saying about *more incarceration to the County*.  About how much time that would be.
>
> THE COURT:                In a moment let me address that with you.  But I want to make sure that first of all you understand while both Mr. Treece and Mr. Ried, and you in fact, may offer to the Court what you think the appropriate sentence ought to be in these cases, I don't have to follow anybody's recommendation.  You understand that?
>
> THE DEFENDANT:        Yes, sir.

(*Id.* at 10.)  Later, the court addressed Hartley's question about more incarceration, as follows.

Case No. 5-14-04

> THE COURT: Now you had mentioned, Mr. Hartley, you had a question about a local jail time. What is your question?
>
> THE DEFENDANT: He was saying about you wanted to like—might put me in the County longer or what you was [sic] saying.
>
> THE COURT: Okay. Well what I thought heard I [sic] Mr. Treece argue, and he's free to add to this if I don't have it correctly. That is you have done some jail time already?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: It could be that what you've done so far is a satisfactory penalty, *but he reserves the right to suggest at sentencing that there should be more local time than you've already served*.
>
> THE DEFENDANT: Right. He's saying he wants more, right?
>
> THE COURT: I think he said he would like to reserve the right to argue for that at sentencing.

(Emphasis added.) (*Id.* at 15.) The prosecutor then explained his comments, and the following discussion occurred.

> MR. TREECE: We would examine—should an O.R. bond be granted we would examine how Mr. Hartley conducts himself while on personal recognizance bond. *The better he is, the less likely it is that the State recommend incarceration*. I will also note *this is not a joint recommendation*. So it merely gives the State's position should it come to that, that *he would serve local incarceration. We've not agreed to that*. We would also reserve the right to not ask for local incarceration should he conduct himself in a perfectly acceptable manner.
>
> THE COURT: Mr. Hartley, does that help answer your question?

- 5 -

THE DEFENDANT: Yes, sir. Because I was saying because if I got out I got this job waiting for me right now. Because when I got put in they were suppose [sic] to call me and then three days later they been [sic] trying to get ahold of me. If I'm able to get back on my feet, make 19.75 again, you know, so I can stay out of the way and make you guys happy, make Joe happy, and keep me out of jail. That would also help, you know, be better for all of us.

THE COURT: I think that's exactly what Mr. Treece may have been referring to. *But we all have to wait and see what happens*.

THE DEFENDANT: Right.

THE COURT: In terms of behavior and conduct.

THE DEFENDANT: Right, yes, sir. I actually want to make it clear, just to let them no [sic], I'm sitting in here and I got a job available. I've been waiting for a year and a half.

MR. RIED: I think what the Judge and Mr. Treece are saying, they're going to judge you by your actions when you get out there.

THE DEFENDANT: Yeah, because if I get out and I mess up, yeah, they going [sic] refer me do more time.

(Emphasis added.) (*Id.* at 16-17.) At the end of the hearing, Hartley signed a plea of guilty. This document stated,

No promises have been made to me by anyone to secure my plea of GUILTY other than those promises placed in the record pursuant to Criminal Rule 11(F) of the Ohio Rules Of Criminal Procedure.

(R. at 30 at 3.)

{¶5} The trial court accepted Hartley's plea and found him guilty of trespass in a habitation. (Jan. 22, 2014 Hr'g Tr. at 24; R. at 34.) The court then

- 6 -

ordered a pre-sentence investigation, continued the matter for sentencing at a later date, and proceeded to address the issue of bond modification. (*Id.* at 24-25.) The trial court granted Hartley's motion and released him on bond with conditions awaiting sentencing. (*Id.* at 28-30; R. at 29.)

{¶6} Prior to the sentencing hearing, on February 3, 2014, a bench warrant was again issued for Hartley for failure to comply with conditions of his supervision. (R. at 33.) The sentencing hearing took place on March 24, 2014. The prosecutor made the following statement.

> MR. TREECE: * * * At the time Mr. Hartley entered his pleas of guilty back in January of this year, State put forth the following negotiations on the record. That at sentencing we would have no objection with the Court reserving imposition of a prison term and placing Mr. Hartley on a term of probation or community control.
>
> However, we specifically indicated two things. One, that we would seek a term of local incarceration as a condition of his probation. And two, this non-objection was contingent on Mr. Hartley remaining law abiding, reporting as directed, and remaining drug free.
>
> Well as we stand here today, Mr. Hartley is currently incarcerated based upon a number of bond violations while this matter has been pending. It's because of those bond violations the State of Ohio is of the opinion we are no longer bound to that agreement, as it was put forth that he had to remain law abiding, drug free. And the court has directed he failed to abide by each of those conditions.
>
> Therefore today, I would have an objection to the Court finding him amenable. * * *

> Therefore, given those factors I would ask that the Court find him no longer amenable to community control. Order him to serve a term of incarceration at the Ohio Department of Rehabilitation and Corrections. However, given the change in the circumstances the State of Ohio put forth on the record that should the Court do that we would remain silent in any future judicial release requests. Thank you.

(Mar. 24, 2014 Hr'g Tr. at 6-7.)

{¶7} The trial court sentenced Hartley to a sixteen-month prison term at the Ohio Department of Rehabilitation and Correction. (*Id.* at 18; R. at 46 at 3.) Hartley now appeals raising one assignment of error for our consideration.

### *Assignment of Error*

**The prosecutor breached his expressed plea recommendation making a recommendation contrary to the recommendation the defendant relied upon in changing his plea**

{¶8} Hartley admits that he violated the terms of his bond. Therefore, he does not complain about the State's recommendation against community control. Hartley's objection stems from the fact that at the plea hearing the State indicated that it would seek *local* incarceration for failure to abide by the bond conditions. At the sentencing hearing, however, the State recommended "incarceration at the Ohio Department of Rehabilitation and Corrections." (Mar. 24, 2014 Hr'g Tr. at 7.) We have previously held that "when a guilty plea 'rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.' " *State v.*

*Crump*, 3d Dist. Logan No. 8-04-24, 2005-Ohio-4451, ¶ 10, quoting *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *accord State v. McGinnis*, 3d Dist. Van Wert No. 15-08-07, 2008-Ohio-5825, ¶ 5. The state's failure to abide by the terms of the plea agreement entitles the defendant to either specific performance or to withdrawal of his or her guilty plea. *Id.*

**{¶9}** We begin by noting that at the sentencing hearing Hartley did not object to the State's recommendation that he not be found amenable to community control and thus, that non-local incarceration be imposed. Consequently, he has forfeited all but plain error on appeal. *McGinnis*, 2008-Ohio-5825, at ¶ 8, citing *State v. Montgomery*, 2008-Ohio-4753, 970 N.E.2d 999, ¶ 15 (4th Dist.) (holding that the defendant "has forfeited any error related to the state's breach of its obligations under the plea agreements by not raising the issue at either sentencing hearing"), *United States v. Barnes*, 278 F.3d 644, 646 (6th Cir.2002) ("[B]ecause Defendant failed to object after the government did not offer a recommendation at sentencing, Defendant waived his right to appeal any breach of the plea agreement, and a plain error analysis thus guides this Court's review.")*, and State v. Dudas,* 11th Dist. Nos.2006-L-267, 2006-L-268, 2007-Ohio-6739, ¶ 93 (holding that the failure to object to the State's breach of a plea agreement forfeits all but plain error).

**{¶10}** The standard of review under plain error "is a strict one." *State v.*

*Murphy*, 91 Ohio St.3d 516, 532, 747 N.E.2d 765 (2001).

> "[A]n alleged error 'does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' " We have warned that the plain error rule is not to be invoked lightly. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."

*Id.*, quoting *State v. Campbell*, 69 Ohio St.3d 38, 41, 630 N.E.2d 339 (1994), *and*

*State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraphs two and three

of the syllabus. Under the plain error standard, "the *defendant* bears the burden of

demonstrating that a plain error affected his substantial rights" and "[e]ven if the

defendant satisfies this burden, an appellate court has discretion to disregard the

error and should correct it only to 'prevent a manifest miscarriage of justice.' "

(Emphasis sic.) *State v. Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d

643, ¶ 14, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002),

*and Long*, 53 Ohio St.2d 91, at paragraph three of the syllabus. "Even

constitutional rights 'may be lost as finally as any others by a failure to assert them

at the proper time.' " *Murphy*, 91 Ohio St.3d at 532, quoting *State v. Childs*, 14

Ohio St.2d 56, 62, 236 N.E.2d 545 (1968).

**{¶11}** Here, Hartley does not even allege that a plain error occurred or that

his substantial rights have been affected in any way. He merely contends that

because the State has not done what it was allegedly supposed to do, we must vacate his sentence. Hartley cites *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), where the United States Supreme Court vacated a sentence and remanded the case to the trial court upon the prosecutor's breach of the plea agreement. *Santobello* differs from the current case because there, "Defense counsel immediately objected" upon the prosecutor breaching the plea agreement. *Id.* at 259. Accordingly, the United States Supreme Court reviewed Santobello's case under a less strict standard of review, holding that "the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration." *Id.* at 262-263. As we noted above, Hartley did not object to the alleged breach in the trial court and we must apply the stricter, plain error, standard of review.

{¶12} Under the benchmark provided by the Ohio Supreme Court that "[n]otice of plain error * * * is to be taken with the utmost caution," *Murphy*, 91 Ohio St.3d at 532, and that the defendant carries the burden "of demonstrating that a plain error affected his substantial rights," *Perry*, 2004-Ohio-297, at ¶ 14, we choose not to proceed on plain error analysis because Hartley has not raised it and consequently, he has failed to satisfy his burden on appeal. *See State v. Quarterman,* Slip Opinion No. 2014-Ohio-4034, ¶¶ 20-21 (refusing to apply a

plain error analysis where the defendant "did not make any attempt to demonstrate" plain error).

{¶13} Furthermore, no manifest miscarriage of justice is apparent from the record. The trial court indicated that it had reviewed the presentence investigation (Mar. 24, 2014 Hr'g Tr. at 12) and it noted Hartley's prior felony conviction from 2008 (*id.* at 13-14), "long juvenile record" (*id.* at 15), his "substantial bond violations" (*id.* at 14), and his "recidivism" (*id.* at 15). The trial court then found that Hartley's problems were "serious" and that he was not "amenable to the community control." (*Id.* at 17-18.) It does not appear that imposition of a prison term at the Ohio Department of Rehabilitation and Correction instead of "local incarceration" created a manifest miscarriage of justice. Accordingly, even if we were to note plain error sua sponte, this case does not strike us as one that would require us to exercise our discretion and note the error in order to "prevent a manifest miscarriage of justice." *Perry*, 101 Ohio St.3d 118, 2004-Ohio-297, 802 N.E.2d 643, at ¶ 14, quoting *Barnes*, 94 Ohio St.3d at 27, 759 N.E.2d 1240, *and Long,* 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

*Conclusion*

{¶14} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellant in the particulars assigned and

argued. The judgment of the Hancock County Common Pleas Court is therefore affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**