[Cite as *State v. Gibson*, 2017-Ohio-6995.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-7 |
| | : | |
| v. | : | Trial Court Case No. 16-CR-536 |
| | : | |
| SHANNON M. GIBSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 28th day of July, 2017.

. . . . . . . . . .

NATHANIEL LUKEN, Atty. Reg. No. 0087864, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Xenia, Ohio 45385
  Attorney for Plaintiff-Appellee

THOMAS KIDD, Atty. Reg. No. 0066359, P.O. Box 231, Harveysburg, Ohio, 45032
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, P.J.

{¶ 1} Shannon M. Gibson appeals from her conviction and sentence following a guilty plea to one count of violating a protection order, a fifth-degree felony.

{¶ 2} Gibson advances two assignments of error. First, she contends the prosecutor breached a plea agreement by remaining silent at sentencing rather than recommending community control. Second, she claims her 11-month prison sentence is contrary to law.

{¶ 3} The record reflects that Gibson was charged with the protection-order violation in October 2016. Her indictment included a reference to a prior conviction for the same offense. (Doc. #1). In November 2016, Gibson entered a negotiated guilty plea to the charge against her. The parties' plea agreement was reduced to writing and filed in the record. The agreement provided as follows: "The Defendant will plead guilty as charged in the indictment. The State recommends Community Control Sanctions and will not bring forward any new charges from calls between October 31, 2016 and November 17, 2016." (Doc. #26). In addition, the plea form Gibson signed included a reference to the plea agreement being set forth on the record in open court. (Doc. #24). That occurred during Gibson's November 18, 2016 plea hearing, when the trial court addressed her and stated:

> At this time I'm going to read into the record from the Plea Agreement what I understand in fact you have agreed to; and then ask you a few questions. The Plea Agreement Report reads as follows:
>
> As of today, November 18th, 2016 the negotiated plea is that the negotiated plea is [sic] the Defendant, Ms. Gibson, will plead guilty as

charged in the indictment. The State recommends community control sanctions and will not bring forward any new charges from calls between October 31, 2016 and November 17, 2016.

(Tr. at 9).

{¶ 4} Gibson acknowledged the foregoing terms of her plea agreement. (*Id.*). Before accepting her plea, the trial court explained that it was not obligated to follow the recommendation in the plea agreement. Gibson stated that she understood. (*Id.* at 11). The PSI report in this case also recited the terms of the plea agreement, including the State's recommendation of community control. (PSI at 1). Before imposing sentence on January 4, 2017, the trial court noted that it had considered, inter alia, the record and the PSI report. (*Id.*). The prosecutor remained silent at sentencing, declining to make any statement. (*Id.* at 23). The trial court then considered, among other things, the statutory principles and purposes of sentencing and the statutory seriousness and recidivism factors. (*Id.* at 26-27). It also reviewed Gibson's criminal history before imposing an 11-month prison sentence. (*Id.* at 23-28).

{¶ 5} In her first assignment of error, Gibson contends the prosecutor breached the plea agreement by remaining silent during the sentencing hearing. She argues that the prosecutor induced her guilty plea by promising to advocate for community control. She maintains that the prosecutor breached the promise to do so, rendering her plea not knowing, intelligent, and voluntary.

{¶ 6} Upon review, we find Gibson's argument to be unpersuasive. "When a prosecutor induces a defendant to plead guilty based upon certain promises, the prosecutor has a duty to keep those promises." *State v. Simpson*, 158 Ohio App.3d 441,

2004-Ohio-4690, 816 N.E.2d 609, ¶ 14 (2d Dist.), citing *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Upon a breach of the agreement, the defendant is entitled to specific performance by the State or withdrawal of the plea. *Id.*

**{¶ 7}** On the record before us, however, we see no breach of the plea agreement by the prosecutor. Unlike some agreements, the agreement in this case did not obligate the prosecutor to recommend community control *at sentencing*. The agreement simply stated: "The Defendant will plead guilty as charged in the indictment. *The State recommends* Community Control Sanctions and will not bring forward any new charges * * *." The State made its present-tense recommendation in the plea agreement itself, and the agreement was made part of the record. Nothing in the agreement obligated the prosecutor to repeat, at sentencing, the recommendation that already had been made and memorialized in the record.

**{¶ 8}** Even if we were to find that the prosecutor breached an obligation to repeat the recommendation at sentencing, we would be limited to plain-error review because Gibson did not object to the prosecutor's silence. *See State v. Becraft*, 2017-Ohio-1464, __ N.E.3d __, ¶ 37 (2d Dist.). We see no plain error here. As set forth above, the plea agreement was filed and made part of the record, which the trial court indicated it had reviewed prior to sentencing. In addition, the first page of the PSI report also recited the State's recommendation of community control, and the trial court indicated that it had reviewed the PSI report prior to sentencing. Under these circumstances, Gibson cannot establish that the outcome likely would have been different if the prosecutor had repeated the community-control recommendation orally. *Compare State v. McGinnis*, 3d Dist. Van Wert No. 15-08-07, 2008-Ohio-5825, ¶ 12 ("[W]e find that no manifest injustice occurred

by the State's failure to repeat its recommendation of concurrent sentences at the sentencing hearing because the recommendation had been read into the record and the trial court specifically stated at sentencing that it considered the record, which would have included the recommendation."). The first assignment of error is overruled.

{¶ 9} In her second assignment of error, Gibson claims her 11-month prison sentence is contrary to law. After reviewing the statutory requirements governing felony sentencing, Gibson argues:

> In this case, Ms. Gibson was convicted of one count of a felony of the fifth degree. In imposing one month less than the maximum sentence to a person convicted of her first felony, the trial court failed to address all the seriousness factors of R.C. 2929.12(B) and (C) or the recidivism factors in R.C. 2929.12(D) and (E). By not addressing all the sentencing factors, the trial court imposed a sentence contrary to law.

(Appellant's brief at 6-7).

{¶ 10} We see no merit in Gibson's argument. In general, a sentence is not contrary to law when it is within the authorized statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors. *State v. Smith*, 2d Dist. Montgomery No. 26307, 2016-Ohio-1269, ¶ 25. Here Gibson's sentence was within the authorized statutory range for a fifth-degree felony. The trial court had discretion to impose a prison sentence for the fifth-degree felony because Gibson had been convicted of a misdemeanor offense of violence within two years of her current offense. *See* R.C. 2929.13(B)(1)(a)(iv). The trial court also expressly indicated, during the sentencing hearing and in its judgment entry, that it had

considered the principles and purposes of sentencing in R.C. 2929.11 and the statutory seriousness and recidivism factors in R.C. 2929.12. Contrary to the implication in Gibson's appellate brief, the trial court was not obligated to "address" all of the sentencing factors individually. *State v. Bailey*, 2d Dist. Montgomery No. 19849, 2004-Ohio-400, ¶ 5-8. *State v. Sekulic*, 5th Dist. Stark No. 2016CA00135, 2017-Ohio-4259, ¶ 133. Finally, we note that the record supports the sentence the trial court imposed. Although the present offense was Gibson's first felony, she had a fairly lengthy history of prior misdemeanor convictions between 2003 and 2016 for OVI, child endangering, domestic violence, disorderly conduct, assault, and violating a protection order. (PSI at 3-5; Tr. at 23-25). She also had her probation revoked in two prior cases. (*Id.*). In any event, having determined that Gibson's sentence is not contrary to law, which is the sole basis for her argument, we overrule her second assignment of error.

{¶ 11} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FROELICH, J. and WELBAUM, J., concur.


Copies mailed to:

Nathaniel Luken
Thomas Kidd
Hon. Michael A. Buckwalter