[Cite as *State v. Clyde*, 2017-Ohio-8205.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio

    Appellee

v.

Jeffrey Clyde

    Appellant

Court of Appeals Nos. E-16-045
E-16-048

Trial Court No. 2011-CR-334

**DECISION AND JUDGMENT**

Decided: October 13, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Jonathan M. McGookey, Assistant Prosecuting Attorney, for appellee.

Joanna M. Orth, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Jeffrey Clyde, appeals from the judgment of the Erie County Court of Common Pleas following a resentencing hearing held on July 7, 2016. For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On August 15, 2011, the Erie County Grand Jury entered a 13-count indictment against appellant. Appellant pleaded not guilty to these charges. Thereafter, on September 9, 2011, appellant was indicted on an additional four counts, to which appellant again pleaded not guilty. On September 10, 2013, following a bench trial, the court found appellant guilty on 10 of the 17 counts.

{¶ 3} Specifically, appellant was found guilty of four counts of sexual battery (Count Nos. 5, 7, 8, 13) in violation of R.C. 2907.03(A)(5), felonies of the third degree. Those four counts involved the same victim, appellant's daughter, K.T. Appellant was also found guilty of one count of corrupting a minor with drugs (Count No. 6) in violation of R.C. 2925.02(A)(4)(a) and (C)(3), a felony of the fourth degree, and one count of disseminating matter harmful to juveniles (Count No. 9) in violation of R.C. 2907.31(A)(1), a felony of the fifth degree. Finally, appellant was found guilty of two counts of compelling prostitution (Count Nos. 14, 15) in violation of R.C. 2907.21(A)(3)(a), felonies of the third degree, and two counts of attempted pandering of obscenity involving a minor (Count Nos. 16, 17) in violation of R.C. 2907.321(A)(3) and 2923.02(A), felonies of the third degree.

{¶ 4} The trial court sentenced appellant to four years in prison on each count of sexual battery, and two years in prison on each count of compelling prostitution. The court further ordered those prison terms served consecutively. In addition, the trial court sentenced appellant to 17 months in prison on the count of corrupting a minor with drugs,

2.

11 months in prison on the count of disseminating matter harmful to juveniles, and two years in prison on each count of attempted pandering of obscenity involving a minor. The court ordered the latter four sentences to be served concurrently with each other and with the sentences on the counts of sexual battery and compelling prostitution for a total prison term of 20 years.

{¶ 5} Appellant appealed his conviction, and in *State v. Clyde*, 6th Dist. Erie No. E-14-006, 2015-Ohio-1859, we affirmed the trial court's judgment, in part, and reversed, in part. This court vacated appellant's convictions on one of the counts of compelling prostitution (Count No. 14), and both of the counts of attempted pandering of obscenity involving a minor (Count Nos. 16, 17). We also held that the trial court failed to make the required finding under R.C. 2929.14(C)(4)(a)-(c) when imposing consecutive sentences. Therefore, we remanded the matter for resentencing in accordance with R.C. 2929.14(C)(4).

{¶ 6} At the resentencing hearing, the trial court again sentenced appellant to four years in prison on each count of sexual battery (Count Nos. 5, 7, 8, 13), and two years in prison on the remaining count of compelling prostitution (Count No. 15), and ordered those sentences to be served consecutively to each other. In addition, the trial court sentenced appellant to 17 months in prison on the count of corrupting a minor with drugs (Count No. 6), and 11 months in prison on the count of disseminating matter harmful to juveniles (Count No. 9), and ordered those sentences to be served concurrently to each other and to the sentences for the counts of sexual battery and compelling prostitution.

3.

Thus the total prison time ordered to be served by appellant on resentencing was 18 years, with credit for time served.

## II. Assignments of Error

{¶ 7} Appellant has timely appealed his judgment of conviction following resentencing, asserting two assignments of error for our review:

1. Defendant/Appellant's sentence should be vacated as the Trial Court failed to comply with Criminal Rule 32.

2. Defendant/Appellant's sentence should be vacated as it is excessive, unreasonable and contrary to law.

## III. Analysis

{¶ 8} Appellant's first assignment of error argues that his sentence should be vacated as the trial court failed to comply with Crim.R. 32. The relevant portion of Crim.R. 32(B) states:

(2) After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed.

(3) If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court also shall advise the defendant of all of the following:

(a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶ 9} Appellant argues that the trial court should have advised him of all his rights outlined in Crim.R. 32. Appellant references *State v. Hunter*, 8th Dist. Cuyahoga No. 92626, 2010-Ohio-657, in which the Eighth District remanded the matter for resentencing because the record was devoid of any indication that the trial court advised the defendant of his appellate rights. Thus, appellant concludes that his sentence should be vacated, and the matter remanded for resentencing.

{¶ 10} Here, however, the trial court informed appellant that "you do have the right to appeal the judgment and sentence of the Court today, and if you choose to do so you have 30 days from today's date to file a notice of appeal." While the trial court did not fully comply with the notices to be given under Crim.R. 32(B)(3), appellant nonetheless filed his notice of appeal from the resentencing in a timely fashion. Thus, any error by the trial court is harmless. *See, e.g., State v. Gagnon*, 6th Dist. Lucas No. L-08-1235, 2009-Ohio-5185, ¶ 32 ("Although the trial court did not adhere to the letter of Crim.R. 32(B), appellant was advised of his appellate rights after sentencing. Any error in this instance is harmless in that appellant timely filed his notice of appeal to this

5.

court."); *State v. Thomas,* 6th Dist. Wood No. WD-10-022, 2010-Ohio-6522, ¶ 17; *State v. Tunison*, 6th Dist. Wood No. WD-13-046, 2014-Ohio-2692, ¶ 19.

{¶ 11} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 12} In his second assignment of error, appellant argues that his sentence is excessive, arbitrary, and unreasonable in light of the fact that he has maintained his innocence and intends to provide the trial court with an exculpatory affidavit from his daughter K.T. In addition, in his reply brief, appellant argues that his sentence is contrary to law because the trial court failed to consider appellant's military service as required by R.C. 2929.12(F), which provides, "The sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses."

{¶ 13} We review felony sentences under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under * * * division * * * (C)(4) of section 2929.14 * * *;

> (b) That the sentence is otherwise contrary to law.

Notably, "The appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2).

{¶ 14} Relative to the first prong, the trial court found under R.C. 2929.14(C)(4)(b) that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct. Here, the record supports the trial court's finding by virtue of, inter alia, the number of sexual offenses appellant committed against his own daughter, and even though appellant maintains that he is innocent, he has nonetheless been adjudged guilty of those crimes beyond a reasonable doubt.

{¶ 15} As to the second prong, in *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 16} Here, appellant does not argue that postrelease control was improperly applied or that he was sentenced outside of the statutorily permissible range. Further, the record reveals that the trial court enumerated at the sentencing hearing that it considered

7.

the principles and purposes of felony sentencing pursuant to R.C. 2929.11, and looked at the factors in R.C. 2929.12(B), (C), (D), and (E).  In its subsequent judgment entry, the court stated more generally that it has considered "the record, oral statements, any victim impact statement and presentence investigation report, as well as the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code § 2929.12."  As to appellant's claim that the court did not consider his military service under R.C. 2929.12(F), we recognize that the trial court did not specifically identify that section at the resentencing hearing.  However, appellant's military history was discussed at the original sentencing hearing, and was included in the presentence investigation report that the trial court reviewed.  Moreover, "even 'where the trial court does not put on the record its consideration of R.C. 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes.'  The presumption remains in the absence of an affirmative showing to the contrary."  (Internal citations omitted.)  *State v. Ruby*, 6th Dist. Sandusky No. S-10-028, 2011-Ohio-4864, ¶ 24, quoting *Kalish* at ¶ 18, fn. 4. Therefore, we hold that appellant's sentence was not clearly and convincingly contrary to law.

{¶ 17} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 18} As a final matter, we sua sponte note that the judgment of conviction that was entered on July 14, 2016, following the resentencing hearing, contains an error that must be corrected.  Beginning on page 3 of the judgment entry, the trial court stated that

8.

appellant had been found guilty of compelling prostitution (Count No. 14), and attempted pandering obscenity involving a minor (Count Nos. 16, 17). Appellant's conviction on those counts has been vacated by our decision in the prior appeal. Therefore, we remand the matter to the trial court for the court to enter a nunc pro tunc judgment entry removing those findings of guilt.

## IV. Conclusion

{¶ 19} For the foregoing reasons, we find that substantial justice has been done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. This matter is remanded to the trial court to enter a nunc pro tunc entry removing the findings of guilt relative to count Nos. 14, 16, and 17. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE