[Cite as *State v. Dudley*, 2025-Ohio-1715.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                                    Court of Appeals No.  L-24-1028
                                                                                            L-24-1029
        Appellee
                                                                Trial Court No.  CR-20-1842
                                                                                            CR-23-1472
v.

Joshua Dudley                                                   **DECISION AND JUDGMENT**

        Appellant                                  Decided:  May 13, 2025

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

Joseph Sobecki, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} In this consolidated appeal, appellant, Joshua Dudley, appeals the January 3, 2024 judgments of the Lucas County Court of Common Pleas sentencing him to 17 months in prison.  For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} This appeal involves two cases. In the first, case No. CR-0202001842 ("2020 case"), Dudley was indicted on one count of carrying concealed weapons in violation of R.C. 2923.12(A)(2), a fourth-degree felony. He pleaded no contest to attempted carrying concealed weapons in violation of R.C. 2923.02 and 2923.12(A)(2), a fifth-degree felony, and the trial court found him guilty and sentenced him to two years of community control. In the second case, case No. 0202301472 ("2023 case"), Dudley was indicted on one count of robbery in violation of R.C. 2911.02(A)(3), a third-degree felony. As a result of this indictment, Dudley was charged with a community control violation in the 2020 case.

{¶ 3} The state and Dudley reached an agreement in the 2023 case that allowed Dudley to plead guilty under *North Carolina v. Alford*, 400 U.S. 25 (1970), to attempted robbery in violation of R.C. 2923.02 and 2911.02(A)(3), a fourth-degree felony. In the written plea agreement, the state said that it "will agree to a 12 month cap."

{¶ 4} At the plea hearing, the trial court noted the state's promise that it "is going to agree to a 12-month sentencing cap." The court also conducted a thorough Crim.R. 11 plea colloquy, during which it informed Dudley that the 12-month sentencing cap was only a recommendation that the court was not required to follow, he had an "automatic right to appeal" his sentence if the court "gave [him] a maximum sentence," he had a right to appeal any "mistakes" made during his plea, and any appeal had to be filed "within 30 days of [his] sentence." Dudley indicated that he understood each of these points. The trial court accepted Dudley's plea and found him guilty.

2.

{¶ 5} At the sentencing hearing, Dudley admitted to the community control violation, and the trial court found that he had violated the terms of his community control. The court offered Dudley and his attorney the opportunity to speak before it imposed sentence but did not offer the state an opportunity to speak. The court ultimately terminated community control and imposed an 11-month prison sentence in the 2020 case and imposed a 17-month prison sentence in the 2023 case. After it imposed the sentence for the 2020 case and before it imposed the sentence for the 2023 case, the trial court "again reminded [Dudley] of the limited right to appeal the plea, as well as a right to appeal the sentence under certain circumstances as provided for in [R.C.] 2953.08." Beyond that, the court did not address the issue of appellate rights. When the court finished issuing its order, Dudley's attorney reminded the court that "when we entered a plea there was a recommendation of a twelve-month on the felony four . . . ." The court responded that it "did take that into consideration . . . in reading through the pre-sentence report as well as the prior plea agreement."

{¶ 6} Dudley now appeals, raising three assignments of error:

> I. THE TRIAL COURT ERRED BY FAILING TO NOTIFY THE DEFENDANT OF HIS APPELLATE RIGHTS AFTER IMPOSING THE SENTENCE.

> II. THE TRIAL COURT ERRED BY FAILING TO AFFORD THE PROSECUTING ATTORNEY AN OPPORTUNIETY [sic] TO SPEAK.

> III. THE TRIAL COURT DID NOT COMMIT AN ERROR BY FAILING TO NOTIFY THE DEFENDANT THAT IT COULD DEVIATE FROM THE RECOMMENDED SENTENCE.

3.

## II. Law and Analysis

{¶ 7} In his first two assignments of error, Dudley argues that the trial court violated Crim.R. 32 by failing to inform him of the appellate rights in Crim.R. 32(B)(2) and (3) after it sentenced him and failing to offer the prosecutor an opportunity to speak, as required by Crim.R. 32(A)(2). He contends that he "initiated his appeal pro se and was prejudiced as a result[,]" and was prejudiced by the state not getting a chance to speak at sentencing because it "deprived [him] of advocacy he was entitled to pursuant to the plea agreement from the State on his behalf." He elaborates in his reply brief that the trial court's failure to comply with Crim.R. 32 was prejudicial because "the inherent result was an unfair proceeding not compliant with the Ohio Rules of Criminal Procedure."

{¶ 8} The state responds that the trial court's failure to comply with Crim.R. 32 did not prejudice Dudley because he filed an appeal, has appointed counsel to pursue the appeal, was not entitled to have the state advocate for him at the sentencing hearing, and cannot establish that the outcome would have been different if the state had the chance to speak.

{¶ 9} Criminal Rule 32 requires a trial court to do a number of things at a defendant's sentencing hearing, including "[a]fford[ing] the prosecuting attorney an opportunity to speak" at the time of sentencing and informing the defendant of his rights related to an appeal. Crim.R. 32(A)(2), (B)(2)-(3). Regarding appellate rights, "[a]fter imposing sentence in a serious offense, . . ." which includes any felony, the court is required to tell the defendant that (1) he has a right to appeal his sentence; (2) he is

4.

entitled to appeal without payment if he cannot pay the cost of an appeal; (3) he will be appointed counsel if he is unable to obtain counsel for an appeal; (4) he will be provided the documents necessary for an appeal without cost if he cannot afford to pay for them; (5) he has the right to have a timely notice of appeal filed on his behalf; and (6) if the defendant requests it, the trial court "shall forthwith appoint counsel for appeal." Crim.R. 32(B)(2)-(3); Crim.R. 2(C).

{¶ 10} Here, although the trial court failed to offer the prosecutor a chance to speak, "reminded" Dudley of his limited right to appeal before imposing its sentence in the 2023 case, and completely failed to mention most of Dudley's appellate rights, none of this prejudiced Dudley, making the trial court's errors harmless. Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights . . ." is harmless and "shall be disregarded.").

{¶ 11} Dudley contends that he was entitled to have the state advocate on his behalf at the sentencing hearing, which makes the court's failure to offer the state a chance to speak prejudicial. But, unless the plea agreement affirmatively obligates the state to make a recommendation *at sentencing*, the prosecutor is not required to say anything about the agreed upon sentence. *State v. Frazier*, 2019-Ohio-1546, ¶ 26-27 (2d Dist.), citing *State v. Gibson*, 2017-Ohio-6995 (2d Dist.); *see also State v. Mushatt*, 1976 WL 188831, *2, 4 (9th Dist. July 1, 1976) (Defendant claimed that the prosecutor, who simply mentioned the recommended sentence during the plea hearing, "failed in an implied promise to support his recommendations 'with some degree of advocacy[,]'" but the appellate court found that "[t]here are limits to an attorney's duty to his adversary"

5.

and the prosecutor fulfilled his duty by informing the trial court of the terms of the plea agreement.).

{¶ 12} Here, the state met any advocacy obligation it might have had because Dudley's plea agreement did not require it to make a recommendation at sentencing, and the prosecutor told the trial court about the agreed sentence cap at the plea hearing. It is also clear that the trial court was aware of the parties' agreed sentence cap and told Dudley that it was not required to follow the parties' recommendation. Based on these facts, we cannot see how the court's failure to offer the prosecutor a chance to speak at sentencing affected Dudley's substantial rights.

{¶ 13} Likewise, the trial court's failure to fully comply with the requirements of Crim.R. 32(B) did not prejudice Dudley. "[A]ll twelve Ohio appellate districts hold that this error is harmless where the defendant either files a timely appeal or the court of appeals accepts a delayed appeal." *State v. Herbert*, 2019-Ohio-5092, ¶ 14 (7th Dist.) (citing cases); *State v. Clyde*, 2017-Ohio-8205, ¶ 10 (6th Dist.); *compare State v. Hunter*, 2010-Ohio-657, ¶ 18 (8th Dist.) (finding trial court's *complete* failure to mention appellate rights prejudicial). This is true even when the defendant initially files his notice of appeal pro se. *See State v. Tunison*, 2014-Ohio-2692, ¶ 19 (6th Dist.). Evidence that the appellant has actually exercised the rights outlined in Crim.R. 32(B) mitigates any prejudice from the trial court's error. *See State v. Hudson*, 2010-Ohio-5386, ¶ 12 (2d Dist.) ("While the trial court did neglect to so advise Hudson [of his appellate rights under Crim.R. 32(B)], he has shown no prejudice. Hudson was appointed appellate

6.

counsel, he was allowed to proceed in forma pauperis, the transcript of proceedings was prepared at the State's expense, and he timely filed his appeal.").

{¶ 14} Like the defendant in *Hudson*, Dudley filed timely notices of appeal, has appointed appellate counsel pursuing the appeal for him, and filed an affidavit of indigency. Because Dudley has exercised all of the rights in Crim.R. 32(B), we cannot say that the trial court's failure to inform him of the substance of the rule affects his substantial rights.

{¶ 15} In short, the trial court's failure to comply with Crim.R. 32 in this case did not affect Dudley's substantial rights and was, therefore, harmless. Crim.R. 52(A). Accordingly, Dudley's first and second assignments of error are not well-taken.

{¶ 16} Dudley's third assignment of error does not actually assign any errors. Instead, he explains that he disagrees with some of the trial court's actions, but "it would be a violation of Ohio Civ.R. 11 to argue that the trial court committed legal error by failing to follow the plea agreement because there is no basis for this argument in law[,]" and he recognizes that "he cannot appeal issues in [the 2020] case other than the sentencing for the community control violation." Contrary to his claim in his reply brief, his arguments do not "invite[] this Court to reverse existing law and (1) hold that a trial court may not disregard a plea agreement with impunity and (2) that issues related to an underlying a [sic] conviction not raised on direct appeal may be raised on appeal of a motion to revoke community control." Because Dudley "fails to identify in the record the error on which the assignment of error is based . . . ," we will disregard his third

7.

assignment of error.  App.R. 12(A)(2).  Dudley's third assignment of error is not well-taken.

## III. Conclusion

{¶ 17} Based on the foregoing, the January 3, 2024 judgments of the Lucas County Court of Common Pleas are affirmed.  Dudley is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.

_____
JUDGE

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.