[Cite as *State v. Carney*, 2025-Ohio-4914.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF KENT,<br><br>        Plaintiff-Appellee,<br><br>- vs -<br><br>SCOTT RYAN CARNEY,<br><br>        Defendant-Appellant. | CASE NO. 2025-P-0023<br><br>Criminal Appeal from the<br>Municipal Court, Kent Division<br><br>Trial Court No. 2024 CRB 00819 K |

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, 3435 Kent Road, Stow, OH 44224 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Appellant, Scott Ryan Carney, appeals the sentencing judgment entry of the Portage County Municipal Court, Kent Division, following his guilty plea to one count of Theft. We affirm.

{¶2} Carney was charged with multiple offenses in three complaints that proceeded together through multiple pretrial hearings. On January 16, 2025, in case No. 2024CRB00819K, Carney entered a negotiated plea of guilty to one count of Theft, a first-degree misdemeanor in violation of R.C. 2913.02, in exchange for the State agreeing to

dismiss the remaining charges. An acting judge for the court accepted Carney's plea, found him guilty of Theft, and referred the matter for a presentence investigation.

{¶3} At the sentencing hearing, held February 27, 2025, the prosecutor asked for a 30-day jail sentence. After some debate regarding whether the prosecutor had agreed to remain silent at sentencing, the trial court sentenced Carney to 180 days in jail with 150 days suspended, $240.00 in stipulated restitution, $250.00 in fines and court costs, and ordered that Carney would be persona non grata for one year at Meijer in Portage County, where the theft occurred. The trial court subsequently granted a stay of the balance of Carney's sentence pending appeal.

{¶4} Carney asserts one assignment of error for our review:

{¶5} "The trial court erred by permitting appellee to give input on sentencing, when such was clearly a violation of the plea agreement in this case."

{¶6} Carney contends that the State, as part of the negotiated plea agreement, had agreed to remain silent at sentencing. He argues the State breached this agreement by asking for a 30-day jail sentence and, as a result, his sentence must be vacated.

{¶7} Carney relies on *Santobello v. New York*, 404 U.S. 257, 262 (1971) for this proposition: "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." In *Santobello*, the defendant withdrew his plea of not guilty in exchange for the prosecutor's agreement to make no recommendation as to sentence. *Id.* at 258. Months later, a new prosecutor recommended the maximum sentence, which the trial court then imposed. *Id.* at 259-260. The U.S. Supreme Court found it did not matter that the prosecutor's breach of the plea agreement was inadvertent and remanded

the case for the sentencing court to determine whether the appropriate remedy was resentencing or withdrawal of the guilty plea. *Id*. at 262-263.

{¶8}   The State maintains the present case is unlike *Santobello* because the record does not reflect any agreement to remain silent at Carney's sentencing. Our review of the record supports this conclusion.

{¶9}   Carney's written plea of guilty does not include an agreement to remain silent at sentencing, and the pre-trial report filed the same day contains no such provision. These documents indicate that in exchange for Carney's plea of guilty to one count of Theft, the State would dismiss the remaining charges in the other cases pending against Carney at that time. In addition, the parties stipulated that Carney would be persona non grata where the theft occurred and pay restitution in the amount of $240.00.

{¶10}   These same terms were also stated at the plea hearing. The acting judge reviewed Carney's written plea of guilty on the record: "The Rule 11(F) sheet indicates that, Mr. Carney, you intend to enter a guilty plea to 24 CRB 819, that the recommendation from the State is you be persona non grata at wherever this event took place . . . you pay $240 in restitution and that the other count of theft and traffic matter would be dismissed." The prosecutor explained its reasoning for negotiating the agreement and stated, "I do believe that this recommendation would be fair, and I would ask you order a presentence investigation." Defense counsel stated, "That's my understanding as well, your Honor," and Carney affirmed that it was his understanding. The acting judge explained the following: "[T]he State of Ohio has made a recommendation that includes restitution. Ultimate penalty is going to be dependent on the presentence investigation, and when

Case No. 2025-P-0023

you come back with your attorney and have some comments you might have to make to the court and some comments from the State." Carney affirmed he understood.

{¶11} The only suggestion that the State agreed to remain silent at sentencing was made by Carney at the sentencing hearing after the prosecutor asked that Carney be incarcerated for 30 days. Defense counsel, who had not been present at the plea hearing, responded: "Your Honor, my client advised me that the State was to stand silent today as to that part of the sentencing. I wasn't here in January. I don't even have anything I can read regarding that, but that's what his understanding was." Carney said, "I would like to add I was told that they would stay silent[.] . . . [T]he jail time's the only reason why I took the plea. I was in hopes that there would be none, and I was told the State would stay silent and they weren't, and I feel like I was bamboozled a little bit."

{¶12} The sentencing judge, who had not presided over the plea hearing, made the following findings on the record: "Mr. Carney, I also have reviewed the presentence investigation. I don't know if there was an agreement for the State to remain silent, and I'll be honest with you it's not really having much impact on my decision if that gives you any assurance, but . . . I don't find you are taking accountability, and it's disheartening to me when I see the reports of . . . I think there were five different thefts in these reports. You're currently on probation in Summit County. . . . Taking all those factors into consideration," the court sentenced Carney to 180 days in jail with 150 days suspended on the condition that Carney not violate the law for one year, the stipulated restitution of $240.00, and $250.00 in fines and court costs.

{¶13} "A plea agreement constitutes a contract between the state and a criminal defendant and is subject to the general law of contracts." *State v. Reddick*, 2023-Ohio-

Case No. 2025-P-0023

765, ¶ 23 (11th Dist.); *accord State v. Fetty*, 2011-Ohio-3894, ¶ 21 (11th Dist.). "'[T]he terms of a given plea agreement must be ascertained before it can be determined whether a party breached the agreement.'" *Fetty* at ¶ 21, quoting *State v. Olivarez*, 1999 WL 262158, *3 (11th Dist. Mar. 31, 1999). A court looks to the actual terms of the plea agreement rather than extraneous representations or understandings of the agreement. *State v. Garcia*, 2023-Ohio-2446, ¶ 19 (11th Dist.). "'[T]his court will not impute terms or conditions of a plea agreement that were not clearly negotiated and unambiguously made part of the record.'" *Id*. at ¶ 18, quoting *State v. Collier*, 2020-Ohio-3033, ¶ 15 (8th Dist.).

{¶14} Here, there is nothing conclusive or unambiguous in the record to support Carney's contention that the State agreed to remain silent at sentencing. Accordingly, we cannot conclude that the sentencing judge erred by permitting the State to give input on sentencing.

{¶15} Carney's sole assignment of error is without merit.

{¶16} We affirm the Portage County Municipal Court's judgment entry of sentence.

ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-P-0023

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Portage County Municipal Court, Kent Division, is affirmed.

Costs to be taxed against appellant.


JUDGE MATT LYNCH


PRESIDING JUDGE ROBERT J. PATTON,
concurs


JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0023