[Cite as *State v. Bishop*, 2026-Ohio-781.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- vs -

DIANA RACHELLE BISHOP,

      Defendant-Appellant.

CASE NO. 2025-A-0036

Criminal Appeal from the
County Court, Eastern Division

Trial Court No. 2025 CRB 00126 E

---

## OPINION AND JUDGMENT ENTRY

Decided: March 9, 2026
Judgment: Reversed and remanded

---

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Alisa Boles*, A.E. Boles, L.L.C., 35 East 202nd Street, Euclid, OH 44123 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, Diana Rachelle Bishop ("Bishop"), appeals from the judgment of the Ashtabula County Court, Eastern Division, sentencing her to 60 days in jail resulting from her guilty plea and conviction for violating a protection order, in violation of R.C. 2919.27(A), a first-degree misdemeanor.[1]

---

1. Bishop was sentenced to a jointly recommended sentence of 180 days with 120 days suspended, for a total of 60 days in jail.

{¶2} Bishop raises two assignments of error on appeal. In her second assignment of error, Bishop argues that the trial court completely failed to inform her of the effect of her guilty plea. The State concedes the error.

{¶3} Upon review, we conclude that Bishop's second assignment of error has merit as the trial court failed to inform Bishop of the effect of her guilty plea at the time of her plea hearing. This constitutes a complete failure to comply with Crim.R. 11(E). A complete failure to comply with the nonconstitutional requirements set forth in Crim.R. 11(E) requires reversal.

{¶4} As Bishop's second assignment of error is dispositive of this appeal, the first assignment of error is moot.

{¶5} The judgment of the Ashtabula County Court, Eastern Division, is reversed, and Bishop's plea and conviction are vacated. This matter is remanded for further proceedings in accordance with this opinion.

## Substantive and Procedural Facts

{¶6} On May 21, 2025, a complaint was filed in Ashtabula County Court, Eastern Division, charging Bishop with one count of violating a protection order, a misdemeanor of the first degree, in violation of R.C. 2919.27(A)(2) and (B)(2). On May 22, 2025, Bishop pleaded not guilty at arraignment and bond was set at $10,000 cash or surety. As a condition of bond, Bishop was ordered to have no contact with the victim and to remain off the premises of the McDonald's restaurant in Jefferson, Ohio. At arraignment, Bishop signed a "Statement of Rights & Responsibilities." It contained the following advisement:

> 7. I understand that I may plead **NOT GUILTY, GUILTY OR NO CONTEST**, and that the effect of such plea is as follows:

Case No. 2025-A-0036

*The plea of **GUILTY** is a complete admission of guilt. The Court would enter a finding of guilty and proceed with sentencing. I understand that if I plead guilty I thereby waive my right to trial.*

(Emphasis in original.)

{¶7} On June 10, 2025, the State filed a motion to dismiss. The motion averred that "[a]fter further review of all evidence, additional evidence requested and further findings, the case against Defendant should be dismissed as the [State] cannot sustain a conviction on the charges levied . . . in this particular matter." The trial court denied the motion the same day.

{¶8} On June 16, 2025, the parties appeared before the trial court for a change of plea. The parties presented a plea to an amended charge of criminal trespass, a misdemeanor of the fourth degree. The court declined to accept the amendment. After further discussions amongst the parties, the case was recalled, and Bishop agreed to plead guilty to the original charge of violating a protection order. A written plea is not part of the record.

{¶9} At the plea hearing, the parties jointly recommended a sentence of 180 days in jail with 120 days suspended. The victim provided an oral statement and requested additional jail time. The trial court proceeded directly to sentencing and sentenced Bishop to the jointly recommended sentence. Bishop was awarded eight days of jail-time credit.[2] The court indicated that Bishop would be subject to five years of probation and imposed a $150 fine, plus costs.

{¶10} Bishop appeals from the trial court's sentencing entry.

---

2. On June 18, 2025, two days after sentencing, Bishop filed a motion to recalculate and grant jail-time credit. On June 24, 2025, the trial court granted the motion and awarded a total of 27 days of credit.

Case No. 2025-A-0036

**The Appeal**

{¶11} Bishop raises two assignments of error for review on appeal:

[1.] The trial court erred when it accepted a guilty plea to a crime after the prosecutor said on the record that there is not sufficient evidence that defendant committed the crime as charged.

[2.] The trial court erred when it accepted a guilty plea to a misdemeanor, and a jury trial waiver, without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

{¶12} We first address Bishop's second assignment of error as it is dispositive of this appeal. In her second assignment of error, Bishop asserts that the trial court failed to inform her of the effect of her plea. The State concedes the error. We agree.

{¶13} Whether the trial court accepted a plea in compliance with Crim.R. 11 is reviewed de novo. *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.). A trial court is not required to use the precise verbiage of the rule; however, the dialogue between the court and the defendant must demonstrate that the defendant understood the consequences of his plea. *State v. Sanchez*, 2024-Ohio-5868, ¶ 20 (11th Dist.), quoting *State v. Stewart*, 51 Ohio St.2d 86, 92 (1977), and *State v. Dangler*, 2020-Ohio-2765, ¶ 12. "For this reason, a reviewing court will not reverse a conviction on appeal unless 'an error occurred in the trial-court proceedings and . . . [the defendant] was prejudiced by that error.'" *Sanchez.*, quoting *Dangler* at ¶ 13. There are two exceptions to the prejudice requirement: 1) when the trial court fails to notify the defendant of certain constitutional rights during a plea colloquy, and 2) when there is a complete failure by the trial court to inform the defendant of the non-constitutional rights set forth in Crim.R.11. *Sanchez*, citing *Dangler* at ¶ 14-15.

Case No. 2025-A-0036

A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. Crim.R. 11 distinguishes between "[p]leas of guilty and no contest in felony cases" (Crim.R. 11[C]), "[m]isdemeanor cases involving serious offenses" (Crim.R. 11[D]), and "[m]isdemeanor cases involving petty offenses" (Crim.R. 11[E]). The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).

*State v. Watkins*, 2003-Ohio-2419, ¶ 25; *State v. Brantweiner*, 2020-Ohio-5235, ¶ 57 (11th Dist.).

{¶14} Misdemeanors are classified as either a "serious offense" or a "petty offense." Crim.R. 2(C) and (D). A "'serious offense' means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Whereas a "'[p]etty offense' means a misdemeanor other than a serious offense." Crim.R. 2(D).

{¶15} Bishop pleaded guilty to and was convicted of violating a protection order, a violation of R.C. 2919.27(A), a first-degree misdemeanor. For a misdemeanor of the first degree, the sentence shall be "not more than one hundred eighty days" in jail. R.C. 2929.24(A)(1). Therefore, a violation of a protection order, as charged in the instant case, is a petty offense.

{¶16} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 2007-Ohio-6093, paragraph two of the syllabus. Crim.R. 11(B)(1) defines the

Case No. 2025-A-0036

effect of a guilty plea as follows: "[t]he plea of guilty is a complete admission of the defendant's guilt. "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *Jones* at ¶ 25. The advisement must be made before accepting the plea and can be delivered either orally or in writing. *Id.* at ¶ 51.

{¶17}   Bishop contends that the trial court failed to inform her of the effect of her guilty plea. At the change of plea hearing, the trial court did not inform Bishop of the effect of her plea. There is also no written plea in the record. However, at arraignment, Bishop signed a "Statement of Rights & Responsibilities" that contained the following: "*The plea of GUILTY is a complete admission of guilt. The Court would enter a finding of guilty and proceed with sentencing. I understand that if I plead guilty I thereby waive my right to trial.*"

{¶18}   Some appellate districts have found that such advisements of the effect of the plea at arraignment satisfy Crim.R. 11(E). *See State v. Perin*, 2019-Ohio-4817, ¶ 18 (4th Dist.) ("Although the court did not repeat the information when Perin changed his plea from not guilty to guilty, Crim.R. 11(E) requires only that a court inform the defendant of the effect of the plea being entered sometime before accepting the plea. The rule does not mandate that the court provide the information at the same hearing in which the plea is entered."); *State v. Arnold*, 2009-Ohio-2649, ¶ 21 (7th Dist.) (concluding that the trial court complied with Crim.R. 11 when it explained the effect of a plea during arraignment); *State v. Perkins*, 2008-Ohio-5060, ¶ 54 (10th Dist.) (finding the defendant was informed of the effect of the plea at arraignment and that the advisement complied with Crim.R. 11).

Case No. 2025-A-0036

{¶19} However, this court has found otherwise and has concluded that arraignment advisements do not satisfy Crim.R. 11(E). In *State v. O'Brien-Devilliers*, 2024-Ohio-1432 (11th Dist.), the defendant had signed an acknowledgement of her rights and responsibilities, similar to the advisement signed in the instant case, at arraignment. *Id.* at ¶ 53. This court concluded that the document did not satisfy Crim.R. 11 because the defendant had signed it "several weeks prior to the preliminary hearing at which she pleaded guilty and under trying circumstances, having been in jail unmedicated since her arrest on the day of the incident. Further, it was not a written plea form signed on the day of the plea hearing." *Id*. This court determined that this amounted to a complete failure under the rule and vacated the defendant's guilty pleas. *Id.* at ¶ 55. This court reached the same conclusion in *Sanchez*, 2024-Ohio-5868, at ¶ 31 (11th Dist.). Therefore, we reach the same conclusion in the case sub judice.

{¶20} Accordingly, Bishop's second assignment of error has merit. Because this court's decision on Bishop's second assignment of error is dispositive of this appeal, we decline to address her first assignment of error.

## Conclusion

{¶21} As Bishop's second assignment of error is meritorious, her plea and conviction are vacated, and this matter is remanded to the trial court for further proceedings consistent with this court's opinion.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-A-0036

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Ashtabula County Court, Eastern Division, is reversed, and appellant's plea and conviction are vacated. This matter is remanded to the trial court for further proceedings consistent with the opinion.

Costs to be taxed against appellee.

JUDGE ROBERT J. PATTON

PRESIDING JUDGE MATT LYNCH,
concurs

JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate
pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0036