[Cite as *State v. McCardel*, 2026-Ohio-2041.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# PORTAGE COUNTY

STATE OF OHIO,
CITY OF RAVENNA,

        Plaintiff-Appellee,

- vs -

SHAWN DAVID MCCARDEL,

        Defendant-Appellant.

CASE NO. 2025-P-0087

Criminal Appeal from the
Municipal Court, Ravenna Division

Trial Court No. 2025 TRC 02099 R

---

## OPINION AND JUDGMENT ENTRY

Decided: June 1, 2026
Judgment: Affirmed

---

*Connie J. Lewandowski*, Portage County Prosecutor, *Vincent V. Vigluicci* and *James W. Armstrong*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}    Defendant-appellant, Shawn McCardel, was convicted of Operating a Vehicle Under the Influence following a guilty plea entered in the Portage County Municipal Court, Ravenna Division. For the following reasons, we affirm the judgment of the lower court.

{¶2}    On March 26, 2025, McCardel was issued a ticket charging him with OVI, a first-degree misdemeanor, in violation of R.C. 4511.19(A)(1)(a), and Operating Without Reasonable Control, a minor misdemeanor, in violation of R.C. 4511.202. A second ticket was filed on June 26, 2025, for OVI, a first-degree misdemeanor, in violation of R.C.

4511.19(A)(1)(j)(iii).

{¶3} A plea hearing was held on September 30, 2025. At the hearing, the prosecutor indicated that, "after negotiations with the defense, the State would be offering to have the defendant plead guilty to a second-offense simple O.V.I. under 4511.19(A)(1)(a). At this point in time the State's recommendations would be the mandatory-minimum penalties with this." The court asked McCardel how he pled to the offense, indicating that it was a misdemeanor of the first degree, and McCardel stated "guilty." The court then indicated that a guilty plea is a complete admission of guilt, informed McCardel that he was giving up his right to a trial and explained the maximum penalty and minimum mandatory penalty. The court inquired whether McCardel understood OVI was an enhanceable offense, to which he responded affirmatively. The court responded: "The State's doing it here to you, right?" After this discussion, the court stated: "Now knowing everything that I told you, do you still want to plead guilty to this second-offense OVI?" McCardel responded, "Yes, Your Honor." The court accepted his plea and found him guilty.

{¶4} On November 14, 2025, a sentencing hearing was held. The prosecutor indicated, "I know the defendant's pled to a second-offense OVI here. Beyond the minimum offenses, I would defer to the Court as to the nature of the increased sentence of the incarceration on that. As far as any further recommendations, I would defer to the Court as well." Defense counsel stated that they had worked out a negotiation for the minimums and asked that the court follow that recommendation. The court ordered that McCardel serve 180 days in jail with 150 suspended.

{¶5} "[1.] Shawn's plea was not knowingly, intelligently, or voluntarily made."

{¶6} "[2.] Shawn received ineffective assistance of counsel when entering his

Case No. 2025-P-0087

plea."

**Trial Court's Advisements to a Defendant in a Petty Misdemeanor**

{¶7}    McCardel argues that the trial court did not engage in a meaningful dialogue with him prior to accepting his plea pursuant to Crim.R. 11(E) and did not inform him of the rights he would be giving up by entering a guilty plea, including the right to cross-examine witnesses, not to testify, and to compulsory process.

{¶8}    "In misdemeanor cases involving petty offenses the court . . . shall not accept [a guilty plea] without first informing the defendant of the effect of the plea of guilty."  Crim.R. 11(E).  A petty offense is a misdemeanor other than one for which the penalty includes confinement for more than six months.  Crim.R. 2(C) and (D).  "To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)," which provides that "[t]he plea of guilty is a complete admission of the defendant's guilt."  *State v. Jones*, 2007-Ohio-6093, paragraph two of the syllabus; Crim.R. 11(B)(1).  "The advisement must be made before accepting the plea."  *State v. Bishop*, 2026-Ohio-781, ¶ 16 (11th Dist.).

{¶9}    We have observed that a "trial court is not required to inform a defendant of his or her constitutional rights in petty misdemeanor cases" i.e., "there is no requirement to inform a defendant of his or her rights against self-incrimination, to a jury trial, to confront one's accusers, to compulsory process, and the state's burden of proof" which are contained in Crim.R. 11(C)(2)(c).  *State v. O'Brien-Devilliers*, 2024-Ohio-1432, ¶ 51 (11th Dist.).  *See State v. Watkins*, 2003-Ohio-2419, ¶ 27 ("[f]or felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra and separate—the judge must *also* inform the defendant of all the rights attendant to the trial that he is foregoing").  "Crim.R. 11(C)(2)(c) is not a definitional section defining what is meant by the Crim.R. 11(C)(2)(b)

Case No. 2025-P-0087

requirement that the judge explain the effect of the guilty or no contest plea. . . . If Crim.R. 11(C)(2)(c) were merely defining what it means to instruct a defendant as to the effect of his plea, similar language would have been included in Crim.R. 11(D) and (E). That language is missing in the rules because those protections are not required for misdemeanor defendants." *Id.*

{¶10} In the present matter, the trial court made the required advisement for a petty offense that a plea of guilty is a complete admission of defendant's guilt. Pursuant to the foregoing authority, it was not required to make all of the listed advisements contained in Crim.R. 11(C)(2)(c).

**Order of Plea and Court Advisements**

{¶11} McCardel also contends that the court erred by accepting his guilty plea prior to making any required advisements. The trial court did inquire whether McCardel pled guilty prior to reviewing any rights. However, immediately after explaining that the plea was an admission of guilt as well as outlining the penalties, the court again inquired if McCardell wished to plead guilty, which he did. The court then accepted the plea and entered a finding of guilt. This constitutes compliance with Crim.R. 11 as the necessary advisements must be made "before *accepting* the plea." (Emphasis added.) *Bishop*, 2026-Ohio-781, at ¶ 16 (11th Dist.). While McCardel also argues that the trial court failed to explain to him what enhanceability meant, the court inquired whether he understood the OVI is an enhanceable offense, to which McCardel responded affirmatively. The court further explained "the State's doing it here to you, right?", i.e., this was a second offense OVI, to which he also responded affirmatively. McCardel cites no authority for the proposition that this rendered his plea involuntary.

Case No. 2025-P-0087

**Requirement that State Comply with Plea Agreement Sentencing Recommendation**

{¶12} McCardel also argues that the government failed to recommend the mandatory minimum as it had offered to do during plea negotiations, which resulted in prejudice since he received a 30-day sentence rather than the 10-day minimum.

{¶13} "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "A plea agreement constitutes a contract between the state and a criminal defendant and is subject to the general law of contracts." *State v. Reddick*, 2023-Ohio-765, ¶ 23 (11th Dist.). The terms of the agreement dictate whether there was a breach and "'[t]his court will not impute terms or conditions of a plea agreement that were not clearly negotiated and unambiguously made part of the record.'" *State v. Carney*, 2025-Ohio-4914, ¶ 13 (11th Dist.), citing *State v. Garcia*, 2023-Ohio-2446, ¶ 19 (11th Dist.).

{¶14} The failure to object to the State's lack of compliance with a plea agreement concedes all but plain error. *Reddick* at ¶ 24. "Plain error does not exist unless 'but for the error, the outcome of the criminal proceedings would clearly have been different.'" (Citation omitted.) *State v. Davis*, 2008-Ohio-4537, ¶ 11. "Under the plain-error doctrine, intervention by a reviewing court is warranted only under exceptional circumstances to prevent injustice." *State v. Bailey*, 2022-Ohio-4407, ¶ 8. In the present matter, McCardel's counsel indicated at the sentencing hearing that the parties had agreed to a minimum sentence, although he did not specifically object to the prosecutor's statements regarding the sentence or to his failure to make the recommendation for the minimum.

{¶15} While McCardel correctly argues that a plea agreement is a contract between the State and the defendant, we do not find in this instance that the State's failure to make

Case No. 2025-P-0087

a minimum sentencing recommendation at the sentencing hearing constituted reversible error.  At the plea hearing, the prosecutor stated: "after negotiations with the defense, the State would be offering to have the defendant plead to a second-offense simple OVI . . . At this point in time the State's recommendations would be the mandatory-minimum penalties with this.  State would defer to the other parts at this point in time."  Defense counsel stated this was his understanding of the agreement.  The signed plea of guilty outlines McCardel's rights but contains no statement regarding the sentencing recommendation.   At the sentencing hearing, the prosecutor observed that the probation department found McCardel to be high risk in the PSI and stated: "I know the defendant's pled to a second-offense OVI here.  Beyond the minimum offenses, I would defer to the court as to the nature of the increased sentence of incarceration on that.  As far as any further recommendations, I would defer to the Court as well."   Defense counsel subsequently indicated: "we did have previously worked out a negotiation.  My recollection of that, I don't have the file in front of me, but it was for the minimums is what the recommendation was." (sic)

{¶16}  Courts have concluded that "unless the plea agreement affirmatively obligates the state to make a recommendation *at sentencing*, the prosecutor is not required to say anything about the agreed upon sentence."   *State v. Dudley*, 2025-Ohio-1715, ¶ 11 (6th Dist.).  In *Dudley*, the court did not find error where there was no plea agreement specifically requiring the prosecutor to make a recommendation at sentencing and the prosecutor told the trial court about an agreed sentence cap at the plea hearing, and where the court told the defendant it was not required to follow any sentencing recommendation. *Id.* at ¶ 12.  In the present matter, while the State indicated at the plea hearing that "at this point in time the State's recommendations would be the mandatory-minimum penalties with this," it did not specifically state that it would make a recommendation at the sentencing hearing.

Case No. 2025-P-0087

{¶17} Similarly, in *State v. Gibson*, 2017-Ohio-6995 (2d Dist.), the court found no breach of the parties' plea agreement in the prosecutor's failure to make a sentencing recommendation because, "[u]nlike some agreements, the agreement in this case did not obligate the prosecutor to recommend community control *at sentencing*." *Id.* at ¶ 7. Since the agreement stated that *"[t]he State recommends* Community Control Sanctions," this was a "present-tense recommendation" and did not obligate the prosecutor to repeat this recommendation at the sentencing hearing. *Id.*

{¶18} In *State v. Dudas*, 2007-Ohio-6739 (11th Dist.), the prosecutor agreed at the plea hearing that he would limit his request for prison time to ten years but at the hearing stated that the defendant should receive a prison sentence of "at least 10 years." *Id.* at ¶ 45-46. This court found that the circumstances militated "strongly against a finding of plain error," noting that the court considered the defendant's extensive criminal history, the court was aware of the parties' agreement "because the prosecutor stated on the record during the plea hearing that he would not request more than ten years in prison," the court had informed him during the plea hearing that it was not bound by the plea bargain, and the appellant "fully understood the potential sentence." *Id.* at ¶ 57. This court acknowledges that the prosecutor's language referencing "beyond the minimum offenses" and "further" sentences at the discretion of the court may be mildly suggestive that a sentence beyond the ten-day minimum may be appropriately ordered by the court. However, these facts are clearly less suggestive than the "at least ten years" language in *Dudas*. As noted above, similar circumstances to *Dudas* were present in this case. The court was aware of the sentencing agreement through the plea hearing, the defendant was advised of the possibility of a greater sentence, and the court noted his extensive criminal record in ordering its sentence. We find no plain error.

Case No. 2025-P-0087

{¶19} The first assignment of error is without merit.

{¶20} In his second assignment of error, McCardel argues that counsel provided ineffective assistance of counsel because he failed to challenge a speedy trial violation and failed to file a motion to suppress.

**Waiver of Ineffective Assistance of Counsel**

{¶21} By pleading guilty, a defendant "waives the right to challenge the propriety of any action taken by . . . counsel . . . unless it affected the knowing and voluntary character of the plea." (Citation omitted.) *State v. Davies*, 2009-Ohio-2793, ¶ 8 (11th Dist.). This court has specifically held that the entry of a guilty plea waives the right to argue counsel was ineffective for failure to move for dismissal on speedy trial grounds or failure to file a motion to suppress. *State v. Barnard*, 2018-Ohio-695, ¶ 18 and 24 (11th Dist.). Since McCardel pled guilty to the charge of OVI, he waived the right to challenge these issues on appeal and we decline to address them.

{¶22} The second assignment of error is without merit.

{¶23} For the foregoing reasons, McCardel's conviction in the Portage County Municipal Court, Ravenna Division, is affirmed. Costs to be taxed against appellant.

MATT LYNCH, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0087

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0087